UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE A. KAASA,<br>    PLAINTIFF, | )<br>)<br>) |
| VS. | ) CIVIL ACTION NO.<br>)<br>) JURY TRIAL DEMANDED<br>) |
| CREDIT BUREAU COLLECTION<br>SERVICES, INC.<br>    DEFENDANT. | ) UNLAWFUL DEBT COLLECTION<br>) PRACTICES<br>) |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Wayne A. Kaasa alleges that Defendant committed unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Telephone Consumer Protections Act, 47 U.S.C. § 227 et seq (hereinafter "TCPA"). Specifically, Defendant, through the actions of its employees, left autodialed or prerecorded messages on Plaintiff's cell phone voice message system without prior express consent. The messages were left in an attempt to collect on a consumer debt. The messages were false and deceptive in that they did not give the required disclosure regarding Defendant's status as a debt collector nor did those messages mention that the communication was being made in an effort to collect a debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337 and diversity of citizenship. Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

1

## III. PARTIES

3. Plaintiff is a natural person residing in the County of Jefferson, State of Missouri.

4. Defendant Credit Bureau Collection Services, Inc. (hereinafter referred to as CBCS) is an Ohio corporation operating from an address at 236 E Town Street, Columbus, Ohio, 43215, and doing business in the State of Missouri.  Upon information and belief, CBCS, has no registered agent in the State of Missouri.

5. CBCS is subject to the jurisdiction and venue of this Court.

6. CBCS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Missouri on an authorized agent at its principle place of business, to wit : 236 E Town Street, Columbus, Ohio, 43215.

## FACTUAL ALLEGATIONS

7. CBCS uses telephone communications in its business.

8. The principle purpose of CBCS' business is the collection of debts.

9. CBCS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

10. CBCS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

11. In the course of attempting to collect a debt allegedly due from Plaintiff to another business not a party to this litigation, CBCS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

12. In the time spanning from January 1, 2009 through February 24, 2009, CBCS left a series of voice messages on Plaintiff's cell phone voice mail box.

13. In these telephone messages, CBCS failed to give meaningful disclosure of its identity.

14. In these telephone messages, CBCS did not state that the communication was from a debt collector.

15. In these telephone messages, CBCS did not state that the communication was an attempt to collect a debt.

16. Defendant's communications violate the Fair Debt Collection Practices Act.

17. Plaintiff has complied with all conditions precedent to bring this action.

## VIOLATIONS OF THE FDCPA

18. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

19. Defendant's actions violated the FDCPA. The violations include, but are not limited to, the following:

> (a) Defendant violated 15 U.S.C. § 1692e(11) when it left voice messages on Plaintiff's cell phone voice mail which failed to indicate that the communications were from a debt collector;
>
> (b) Defendant violated 15 U.S.C. § 1692e(11) when it left voice messages on Plaintiff's cell phone voice mail which failed to disclose that the communication was being made in an effort to collect on a debt;
>
> (c) Defendant's actions violated 15 U.S.C. § 1692d(6) when it left voice messages on Plaintiff's cell phone voice mail which failed to provide meaningful disclosure of Defendant's identity;

20.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Statutory damages pursuant to 15 U.S.C. § 1692k;

B.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C.  For such other and further relief as may be just and proper.

### VIOLATIONS OF THE TCPA

21.     Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

22.     Defendant's actions violated the TCPA.  The violations include, but are not limited to, the following:

> (a)     Defendant violated 47 U.S.C. § 227(b)(1)(B) when it left 2 prerecorded messages on Plaintiff's cell phone line without Plaintiff's prior express consent.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

**A.**  Damages pursuant to 47 U.S.C. § 227(b)(3);

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Wayne A. Kaasa
**Wayne A. Kaasa**

Respectfully submitted,

**THE SWANEY LAW FIRM**

<u>/s/ Robert T. Healey</u>
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@swaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479